# EXHIBIT A

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Ste G39<br>WILLOW GROVE, PA  19090<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |
| CINDY J. LUI<br>6615 OAKLAND ST.<br>PHILADELPHIA, PA<br>19149<br><br>*Plaintiff*<br><br>v.<br><br>FRONTLINE ASSET STRATEGIES, LLC<br>2700 SNELLING AVE N.-STE 250<br>ROSEVILLE, MN<br>55113<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

*Filed and Attested by PROTHONOTARY 14 Jun 2021 04:09 PM W. Giza-Sisson*

## NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE**
Chester Bar Association
15 W Gay St #2,
West Chester, PA

19380
Phone: (610) 692-1889

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

## SERVICIO DE REFERENCIA LEGAL

Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Ste G39<br>WILLOW GROVE, PA  19090<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED.<br><br>*Filed and Attested by PROTHONOTARY 14 Jun 2021 04:09 PM V. Giza-Sisson* |
| CINDY J. LUI<br>6615 OAKLAND ST.<br>PHILADELPHIA, PA<br>19149<br><br>*Plaintiff*<br><br>v.<br><br>FRONTLINE ASSET STRATEGIES,<br>LLC<br>2700 SNELLING AVE N.-STE 250<br>ROSEVILLE, MN<br>55113<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## COMPLAINT

1. Plaintiff, CINDY J. LUI, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 6615 OAKLAND ST., Philadelphia, PA, 19149.

2. Defendant, FRONTLINE ASSET STRATEGIES, LLC, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 2700 SNELLING AVE N.-STE 250, ROSEVILLE, MN 55113. Defendant can be served at that address.

3.  Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

4.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5.  Defendant regularly conducts business in the State of Pennsylvania and in the County of Chester, therefore, personal jurisdiction is established.

6.  Venue is proper in Chester County pursuant to Pennsylvania Rule(s) of Civil Procedure §§ 1006 and 2179.

7.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8.  Plaintiff is a natural person residing in Philadelphia, PA. Some/all of the transactions comprising the alleged debt occurred in Chester County.

9.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The transactions comprising the alleged debt were for consumer related purchases, such as household hoods, food, clothing, etc.

10. Defendant, FRONTLINE ASSET STRATEGIES, LLC, is a company handling debt collection matters with headquarters located at 2700 SNELLING AVE N.-STE 250, ROSEVILLE, MN 55113.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff, as the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing,

groceries, etc.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Throughout the past year, Defendant has contacted Plaintiff attempting to collect a debt that Defendant alleges originated with "CITIBANK, N.A", in the amount of $3,660.66.

14. Plaintiff alleges and avers that Defendant caused Plaintiff's phone to ring and contacted Plaintiff at irregular times and places, and often times hung up before identifying itself, only to call right back, in violation of 15 U.S.C. §§ 1692c(a)(1) and d(5).

15. Plaintiff alleges and avers that there is no agreement between Plaintiff and CITIBANK, N.A or LVNV FUNDING, LLC allowing for the collection of any account by a third-party, and Defendant thereby violated 15 U.S.C. §§§§§ e(2), (8), (10) and f(2) and (6).

16. Plaintiff alleges and avers that Defendant's distinction between the "creditor" and "merchant" is a maze of ambiguity, and Defendant thus misrepresented the character, source and nature of the alleged debt, in violation of §§§15 U.S.C. §1692e(2), (10) and f(1).

17. Plaintiff alleges and avers that Defendant failed to inform Plaintiff of her rights, in violation of 15 U.S.C. §§§§ 1692g, e(2), (5), and (10).

18. Plaintiff alleges and avers Defendant fails to inform Plaintiff of the credit reporting or tax assessment consequences of paying all or part of the alleged debt, and Defendant thereby violated of 15 U.S.C. §§§ 1692e(2), (5) and (10).

19. Plaintiff alleges and avers that despite Defendant has not timely updated Plaintiff's credit reports to reflect the fact of dispute, in violation of §§15 U.S.C. §1692e(8) and f(1).

20. Plaintiff alleges and avers that Defendant viewed nor possessed any credible documentary evidence of a written agreement between Plaintiff and CITIBANK, N.A., an assignment of the account from CITIBAK, N.A. to LVNV Funding, LLC, or any original account statements, showing accumulation of the alleged debt, yet sought to collect it anyway. Defendant thus violated of §§§15 U.S.C. §1692e(2), (5) and f(1).

21. Plaintiff alleges and avers that Defendant's threat t "forward it to an attorney" is baseless, as Defendant does not own the alleged account and thus ahs no right to sue to enforce it. Defendant thereby violated 15 U.S.C. §§§1692e(2), (10), (5) and f(1).

22. Plaintiff alleges and avers that Defendant's claim that $3,660.66 is largely comprised of illegal fees and interest for which Defendant has no right to collect, and Defendant thereby violated 15 U.S.C. §§§§1692e(2), (5), (10) and f(1).

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

23. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

    b. Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

    c. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

    d.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, CINDY J. LUI, respectfully prays for a judgment as follows:

    a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

24.  Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

25.  Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

26.  Defendant is a "Person(s)" as defined by 73 P.S. § 201-2(2).

27.  The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to

affiliation, connection or association with, or certification by, another;

 (c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

 (d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

28. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that any debt was owed and further attempting to lure Plaintiff into extending the statute of limitations, and that Defendant's conduct complained of herein paragraphs amounts to violations of the Fair Credit Uniformity Extension Act, 73 Pa. C.S. § 2270, *et seq,* and is thus a concomitant violation of the Unfair Trade Practices Act.

29. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that validity of the alleged debt, the identity of the actual creditors, if any, and the legitimacy of the alleged debt.

30. Plaintiff further alleges and avers that Defendant's misleading reference to account and reference numbers,, misreporting of credit information and misrepresentations surrounding the alleged debt was done to confuse and deceive Plaintiff into thinking the debt was legitimate, and Defendant thereby violated the Act.

31. The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff hereby incorporates the preceding paragraphs by reference as through fully set forth.

33. Plaintiff alleges and avers that Defendant's conduct was extreme and outrageous, in that it maliciously employed intimidation and harassment, in the form of misleading and abusive collection tactics aimed at perpetually and unfairly and depriving Plaintiff of money and his rights to be free from harassment.

34. Plaintiff alleges and avers that Defendant's conduct was undertaken with the intent of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff.

35. Plaintiff alleges and avers that as a direct an proximate result of Defendant's conduct, Plaintiff suffered severe and extreme emotional distress which includes, but is not limited to, harassment inflicted by Defendant's deliberate and vexatious collection efforts.

WHEREFORE, Plaintiff, CINDY J. LUI, respectfully prays for a judgment as follows:

    a. All actual, punitive and compensatory damages suffered

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and any other relief deemed appropriate by this Honorable Court.

## COUNT IV
## INVASION OF PRIVACY
## (HEREAFTER "IOP")

36. Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Defendant's intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified.

37. Specifically, Defendant filed suit against Plaintiff attempting to collect a bogus debt, misreporting credit information and trying to collect money which Defendant had no right to collect, the purpose of which was to further annoy and harass Plaintiff.

38. Defendant invaded Plaintiff's privacy, with the purpose of harassing Plaintiff into paying a bogus debt. As a result, Plaintiff suffered injury as a proximate cause of such the intrusion.

## COUNT V
## DAMAGES

39. Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff:

    a. All statutory, compensatory and economic damages;

    b. Mental anguish suffered by Plaintiff, for the past and future;

    c. All reasonable expenses incurred by Plaintiff, including court costs and all reasonable and necessary attorney fees; and

    d. Pre-judgment and post-judgment interest.

40. Defendant's malicious conduct, when viewed from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore,

Defendant's conduct was willful, intentional and malicious. Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

41. Nevertheless, Defendant proceeded intentionally or with a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Therefore, Defendant is liable for exemplary/punitive damages. As punishment for Defendant's actions and to deter such actions in the future, Plaintiff is requesting exemplary/punitive damages.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, CINDY J. LUI
2300 Computer Rd.-Ste G39
Willow Grove, Pa   19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

# V E R I F I C A T I O N

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, CINDY J. LUI
2300 Computer Rd.-Ste G39
Willow Grove, Pa   19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com